United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-60671
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE PARSONS,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:06-CR-3
-----------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Eugene Parsons appeals his jury trial conviction for possessing a firearm as a convicted felon

under 18 U.S.C. § 922(g)(1) and § 924(a)(2). He asserts that the district court erred in admitting

certain testimony and documents into evidence.

We review evidentiary rulings by the district court for abuse of discretion. *United States v.*

*Ragsdale*, 426 F.3d 765, 774 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1405, 126 S. Ct. 1417 (2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

"A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (quotation marks omitted). If we find an abuse of discretion, we review the ruling for harmless error and affirm the judgment unless the error affected the substantial rights of the complaining party. *Id.* at 774-75.

Parsons asserts that the district court erred in admitting the testimony of an Alcohol, Tobacco, Firearms and Explosives agent because the agent lacked personal knowledge of the facts. Parsons complains that, at the time the agent contacted the firearm manufacturer to determine the weapon's origin, the agent had no personal knowledge of the firearm's make, model, or serial number. Parsons argues that the agent merely relied upon another agent's report for the information.[2] He also argues that his Sixth Amendment right to confront the witnesses against him was violated because he did not have an opportunity to cross examine the other agent about the information.

Rule 602 of the Federal Rules of Evidence prohibits a witness from testifying "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED. R. EVID. 602. Parsons has not shown that the agent lacked the proper knowledge to testify about the firearm. The agent's lack of personal knowledge of the weapon's manufacturer, model, and serial number during the pre-trial investigation was cured when the prosecutor handed him the firearm during his testimony, giving him the opportunity to confirm its manufacturer and serial number as he testified. *See United States v. Quezada*, 754 F.2d 1190, 1195 (5th Cir. 1985) ("[E]ven if testimony is based in part on inadmissible hearsay, Rule 602 will be satisfied if evidence is introduced sufficient to support a finding that [the witness] has personal knowledge of the matter.")

---

[2] Parsons does not argue that the manufacturer's statement about the firearm's Wyoming origin was inadmissible.

(quotation marks omitted). Because the agent's trial testimony was given with personal knowledge of the firearm's manufacturer, model, and serial number, Parsons's Confrontation Clause argument is also meritless.

Parsons also renews his objection to the admission of the two documents that the prosecutor obtained from the Probation Office without leave from the district court. He asserts that the disclosure of the documents violated his right to privacy. Assuming arguendo that the district court abused its discretion in allowing the documents into evidence, the error was harmless. As counsel for Parsons conceded in the district court, the information in the documents is contained in the public record of Parsons's prior conviction.

The judgment of the district court is AFFIRMED.